## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COLUMBUS CHRIS WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1283** |
| **TERREBONNE PARISH'S SHERIFF'S OFFICE, ET AL.** | **SECTION "M"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

Plaintiff Columbus Chris Williams ("Williams") is an inmate housed in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[1]  Williams submitted this *pro se* complaint for filing under 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Office complaining that, for years, he has been put in jails and prisons without having been legally arrested.[2]  Williams did not submit a filing fee or an application to proceed *in forma pauperis* with the complaint.  He instead instructed the Court to take the fees and costs out of the "$10 to $15 thousands" he has coming to him in his numerous other lawsuits.[3]

On July 2, 2021, the Clerk of Court issued a Notice of Deficiency which required Williams to make corrections to his form complaint and either pay the filing or file a certified pauper

---

[1] ECF No. 1, Deficient Complaint.
[2] *Id.*, ¶IV, at 5.
[3] *Id.* at 3.

application within twenty-one (21) days of the date of the notice or by July 23, 2021.[4]  The Clerk of Court mailed the notice and required forms to Williams at his prison address of record.  The envelope has not been returned as undeliverable.  Williams did not respond to the Clerk's notice.

On August 4, 2021, the Court issued a Show Cause Order to Williams requiring that, on or before August 24, 2021, he show cause for his failure to respond to the Clerk's notice and either pay the filing fee or submit a properly certified pauper application.[5]  The Clerk mailed the Order to Williams at his prison address of record, and the envelope has not been returned as undeliverable.  Williams failed to respond to the Court's Order.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, Williams is without counsel and is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural

---

[4] ECF No. 2, Notice of Deficiency.
[5] ECF No. 4.

rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.   <u>Analysis</u>

As noted above, Williams did not submit the required filing fee or a request for leave to proceed *in forma pauperis*.  He simply has not responded to the Clerk's request or the Court's direct order that he correct these and the other deficiencies noted in those directives.  His failure to respond to the orders, pay the required fee, or apply for pauper status demonstrates his flagrant disregard for rules of this court and the steps required to properly file and prosecute this case.  In addition, based on the clear instructions provided in the orders and Williams's prolific filing history, Williams cannot be heard to claim ignorance of the requirements for properly filing federal civil rights suits in this Court.[6]  Furthermore, the July 23, 2021, and August 24, 2021, deadlines for Williams to respond and correct his filings were imposed and expired before the area was impacted by Hurricane Ida on August 29, 2021, and before the Court's September 4, 2021, order suspending deadlines retroactive to August 26, 2021.

For these reasons, Williams's § 1983 complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Williams's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[6] The records of this court reflect that Columbus Chris Williams has filed at least 35 pro se civil rights suits, and at least nine of those have been dismissed as frivolous or for failure to state a claim for which relief can be granted.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

New Orleans, Louisiana, this 25th day of October, 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]*Douglass* referenced the previously applicable ten-day period for the filing of objections.   Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.